IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Petitioner,                       No. CIV S-08-2459 EFB P

    vs.

TOM BOSENKO,

    Respondent.                 ORDER

_____/

    Petitioner is confined in a county jail and is proceeding without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

    Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

    The court has reviewed the petition in detail and, for the reasons explained below, finds that in order to proceed petitioner must file an amended petition or a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Rule 4, Rules Governing Section 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

1

In his petition, petitioner indicates that he is challenging conditions of confinement while he was a pretrial detainee awaiting trial in the Shasta County Jail. Specifically, petitioner alleges that he was denied access to his attorney, was served a "disciplinary loaf" and denied lunch, was denied visits with his family, that his correspondence to the courts was illegally read, that he was denied the right to file a citizen's complaint, that he was only allowed outside his cell 30 minutes every other day, and that the disciplinary process at the Shasta County Jail violates due process. He requests that unspecified rule violations be overturned.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement. *Id.* at 499. Petitioner makes various claims regarding his conditions of confinement. The only specific relief sought, however, is that unspecified rule violations be overturned, and it is not clear from the allegations that any of the rules violations resulted in the loss of good time credits, thereby affecting the duration of his confinement. Neither is it clear that expunging the records of the disciplinary proceedings would benefit him at a parole suitability hearing. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus appropriate remedy for prisoner seeking expungement of a disciplinary finding from his record "if expungement is likely to accelerate the prisoner's eligibility for parole."). For the foregoing reasons, the petition is dismissed with leave to amend.

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. The petition is dismissed with leave to amend.

3. Petitioner may, within 30 days of the date this order is filed, file an amended petition seeking relief from the fact or duration of his confinement, or instead, he may file a civil rights complaint pursuant to 42 U.S.C. 1983. Failure to comply with this order will result in this

1 | action being dismissed.
2 |     4. The Clerk of the Court is directed to send to petitioner a copy each of the forms used
3 | in this court for the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C.
4 | § 2254 and for the filing of a civil complaint pursuant to 42 U.S.C. § 1983.
5 | Dated: May 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE